IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| APRIL DANIELLE PFEIL and her Husband, JOHN PFEIL, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. _____ |
| | : | |
| MIKE'S GOLF CARTS, LLC, | : | |
| | : | **JURY TRIAL DEMANDED** |
| Defendant. | : | |

## COMPLAINT FOR DAMAGES

Plaintiffs April Danielle Pfeil ("Danielle Pfeil") and her husband, John Pfeil, for their Complaint against Defendant Mike's Golf Carts, LLC, allege and state as follows:

## JURISDICTION AND VENUE

1.

This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the Plaintiffs Danielle and John Pfeil and the Defendant Mike's Golf Carts, LLC, and the amount in controversy exceeds $75,000.

2.

As of the filing of this Complaint, and for all times relevant to the subject matter of this Complaint, Plaintiffs Danielle Pfeil and her husband, John Pfeil, have been, and continue to be, residents of Arcadia, Florida. Defendant Mike's Golf

Carts, LLC is a Georgia for-profit limited liability company, with its principal place of business located at 2434 Hwy 341 North, Perry, Georgia 31069.

3.

Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2) in that the Defendant Mike's Golf Carts, LLC is a Georgia for-profit limited liability company, with its principal place of business located at 2434 Hwy 341 North, Perry, Georgia 31069 and this is the district in which a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred.

## THE PARTIES

4.

Plaintiffs Danielle Pfeil and her husband, John Pfeil, are residents of Arcadia, Florida.

5.

Defendant Mike's Golf Carts, LLC (hereinafter "Defendant" or "Mike's Golf Carts") is a Georgia for-profit limited liability company, with its principal place of business located at 2434 Hwy 341 North, Perry, Georgia 31069.  Mike's Golf Carts can be served with summons and a copy of this Complaint in accordance with Fed. R. Civ. P. 4(b) by service upon its designated registered agent for service in the State of Georgia, Robert R. Lawson, 912 Main Street, Perry, Georgia 31069.

## GENERAL FACTUAL ALLEGATIONS

7.

During Thanksgiving week of 2011, Danielle and John Pfeil, along with their two minor children attended a family reunion at the Jewel Mint Plantation located in Washington County, Georgia (the "Plantation").

8.

John Pfeil's parents managed the Plantation and hosted Danielle, John, their two children and other family members at the Plantation lodge for Thanksgivings.

9.

In late 2007 or early 2008, the owners of the Plantation purchased a modified golf cart from Mike's Golf Carts in Perry, Georgia.

10.

At all times relevant to this Complaint, Defendant was a full sales and service dealership for new and used golf carts specializing in designing, manufacturing, developing, engineering, assembling, testing, inspecting, marketing, and/or distributing modified golf carts for sale to the general public.   According to its web-site Mike's Golf Carts' sales pitch or motto is *"If we can't build it ….. you don't need it."*

11.

The golf cart that was sold to the owners of the Plantation by Mike's Golf Carts was extensively modified by Mike's Golf Carts by adding a lift, large and knobby tires, front and rear baskets and additional seating. Defendant may have made other modifications to the golf cart from its originally manufactured condition (the "modified golf cart").

12.

The modified golf cart was sold to the owners of the Plantation to perform work on the Plantation property, including transporting feed and other materials used in the maintenance and upkeep of the Plantation.  The golf cart as modified could also be used to transport people.

13.

On November 25, 2011, Danielle Pfeil, Jason Tingly, Rebecca Tingly and five (5) minor children took the modified golf cart for a ride.

14.

As they were traveling on the Plantation's main road with Danielle Pfeil driving, the front leaf spring of the modified golf cart snapped, causing the cart to overturn and its occupants to be injured.

15.

Danielle Pfeil suffered serious injuries as the modified golf cart, upon the front leaf spring snapping, overturned towards the driver's side of the golf cart landing on top of Danielle Pfeil, trapping and crushing her leg under the vehicle, causing her severe and permanent injuries.

16.

The land, roadway and/or terrain did not in any way cause or contribute to the golf cart overturning.

17.

Although Defendant knew or should have known that, because of the golf cart's defective condition, dangerous risks were associated with use of the modified golf

cart, Defendant proceeded to design, manufacture, modify, assemble, distribute, promote, market, and sell the modified golf cart, which was not merchantable or reasonably suited for the use intended.

18.

As a direct and proximate result of Defendant's acts and omissions, Danielle Pfeil suffered serious bodily injury, and has incurred medical expenses presently totaling in excess of $375,000.00, and will continue to incur medical expenses in the future.

19.

As a further result of her injuries, Danielle Pfeil was disabled for an extended period of time, and will be partially disabled for the balance of her life.

20.

As further result of her injuries and resulting disability, Danielle Pfeil has lost wages and will continue to lose wages in the future.

21.

As a further result of her injuries, Danielle Pfeil has experienced and continues to experience physical pain and suffering.

22.

As a further result of her injuries, Danielle Pfeil has experienced and continues to experience mental pain and suffering.

23.

As Danielle Pfeil's husband, John Pfeil has suffered the loss of his wife's companionship, services and consortium as a result of Defendant's conduct.

**COUNT ONE**
**NEGLIGENCE**

24.

The allegations of paragraphs 1 through 23 are incorporated herein.

25.

Defendant, as the designer, modifier, manufacturer, retailer, promoter, marketer and distributor of the modified golf cart, owed a duty to Plaintiffs to exercise reasonable care in designing, manufacturing, marketing, and selling the modified golf cart and to adequately warn consumers of the risks associated with use of the modified golf cart.

26.

Defendant, in breach of its duty to Plaintiffs, negligently and carelessly designed, modified, developed, manufactured, engineered, inspected (or failed to inspect), tested (or failed to test), assembled, distributed, and sold the modified golf cart, which as designed, manufactured and sold was defective as evidenced by the

front leaf spring snapping under normal travel conditions.  Further, Defendant breached its duty to Plaintiffs by failing to warn or inadequately warning of the risks associated with using the modified golf cart.

27.

Although Defendant knew or should have known that dangerous risks were associated with use of the modified golf cart, Defendant proceeded to design, modify, manufacture, assemble, distribute, promote, market, and sell the modified golf cart with knowledge that it was not merchantable or reasonably suited to the use intended. Further, Defendant inadequately warned Plaintiffs of the risks associated with using the modified golf cart.

28.

As a direct and proximate result of Defendant's negligence, Danielle Pfeil has suffered and will suffer the injuries and damages alleged herein.

## COUNT TWO

## STRICT LIABILITY AND PRODUCTS LIABILITY

29.

The allegations of paragraphs 1 through 28 are incorporated herein.

30.

Pursuant to O.C.G.A. § 51-1-11 (b)(1), the manufacturer of any personal property sold as new property directly or through a dealer or any other person is liable in tort, irrespective of privity, to any natural person who may use, consume, or reasonably

-7-

be affected by the property and who suffers injury to his person or property if the property when sold by the manufacturer was not merchantable or reasonably suited to the use intended, and its condition when sold is the proximate cause of the injury sustained.

31.

The modified golf cart was unreasonably dangerous as designed, developed, engineered, manufactured, assembled, distributed, marketed, and sold and was defective at the time it left Defendant's possession.

32.

The modified golf cart was defective in design and unsafe for its intended purpose in that the under carriage, axel and/or front leaf spring were inadequate resulting in the front leaf spring snapping and causing the front axle and under carriage to give way resulting in the modified golf cart overturning.

33.

As a direct and proximate result of the defective condition of the modified golf cart, including Defendant's failure to warn of risks associated with the use of the modified golf cart, Danielle Pfeil has suffered and will suffer from the injuries and damages alleged herein.

## COUNT THREE
## LOSS OF CONSORTIUM

34.

The allegations of paragraphs 1 through 33 are incorporated herein.

35.

As result of his wife's injuries, John Pfeil has suffered the loss of his wife's companionship, care, services, and society.

## COUNT FOUR
## PUNITIVE DAMAGES

36.

The allegations of paragraphs 1 through 35 are incorporated herein.

37.

The conduct of the Defendant, as set forth herein above, shows willful misconduct, malice, fraud, wantonness, oppression or that entire want of care which would raise the presumption of a conscious indifference to consequences. Accordingly, punitive damages should be imposed against the Defendant pursuant O.C.G.A. § 51-12-5.1 and other applicable laws, to punish and deter the Defendant from repeating or continuing such unlawful conduct.

WHEREFORE, Danielle Pfeil and John Pfeil pray as follows:

a)   That process issue according to law;

b)   That the Defendant be served with a copy of Plaintiffs' Complaint for Damages and show cause why the prayer for relief requested by Plaintiffs herein should not be granted;

c)   That Plaintiffs be granted a trial by jury in this matter;

d)   That the Court enter a judgment against the Defendant for all general, special and compensatory damages allowable to Plaintiffs;

e)   That John Pfeil have judgment against Defendant in an amount to be determined at trial for the loss of society and consortium of his wife;

f)   That the Court enter a judgment against the Defendant serving to award Plaintiffs punitive damages under the provisions of O.C.G.A. § 51-12-5.1;

g)   That the Court enter judgment against the Defendant for all other relief sought by Plaintiffs under this Complaint for Damages;

h)   That the costs of this action be cast upon Defendant; and

i)   That the Court grant Plaintiffs such further relief which the Court

deems just and appropriate.

This 18th day of November, 2013.

/S/ Virgil L. Adams
Virgil L. Adams
Georgia Bar No. 004625

/S/ D. James Jordan
D. James Jordan
Georgia Bar No. 404465

/S/ Caroline W. Herrington
Caroline W. Herrington
Georgia Bar No. 153008

ADAMS & JORDAN, P.C.
Fickling & Co. Building
577 Mulberry Street, Suite 1250
P.O. Box 928
Macon, GA  31202-0928
(478) 743-2159